Today is Ruiz v. Wills, appeal number 20-3528. Mr. Colin Stapleton. Good morning. May it please the court, Sean Colin Stapleton for Miguel Ruiz. In order to protect the Fifth Amendment right to remain silent in the coercive atmosphere of custodial interrogations, Miranda v. Arizona requires the police to provide four warnings before questioning. The failure to provide all the warnings renders any resulting statement inadmissible. The third Miranda warning is the right to consult with counsel before questioning and have counsel present during questioning. The right to consult with counsel prior to questioning is critical to the individual's decision regarding whether or not to waive the right to remain silent. Ruiz was questioned twice by Chicago police officers. As to the third Miranda warning, Detective Green told him, you have a right to an attorney and have an attorney present during questioning. Sergeant Filino simply told him you have a right to an attorney. These warnings omitted the right to consult with an attorney both prior to and during questioning in violation of Miranda. However, the Illinois Appellate Court held the failure to inform Ruiz of the right to consult counsel prior to and during questioning did not violate Miranda. The Appellate Court reached its decision by following not Miranda, but two Illinois Appellate Court cases which hold these warnings were not required. The Illinois Appellate Court's holding in Ruiz's case was contrary to, in an unreasonable application of Miranda, Prysock, Duckworth, and Powell, all of which state the police comply with Miranda by informing the individual of the right to consult with counsel prior to questioning and have counsel present during questioning. I think there's no question that there is a portion of Miranda when it sets up its holding that talks about the necessity of these kinds of knowing you need a lawyer before questioning begins. It says that. It's in black and white. I think the difficulty is that then when the case states it's holding, it doesn't have that language and it states it's holding at least twice more in the opinion by my count. So, what tells us where we look in the opinion for the critical language? Well, I think the statement where it says you have a right to counsel before questioning and then you have a right to the presence of counsel during questioning sets up exactly what rights Miranda is requiring and, of course, those rights were echoed by Prysock, by Duckworth, and by Powell, all of which state the police comply with Miranda by saying, telling the individual they have a right to consult with counsel prior to and during questioning. And as I said in my brief, when the Supreme Court Miranda says you have a right to consult with counsel and you have the right to the presence of counsel, the right to consult with counsel itself implicates the right to talk to a lawyer before questioning. Counsel has the Supreme Court set aside a conviction for a similar failure? It is not, Your Honor, but I would suggest that the Illinois Appellate Court's decision is contrary to, again, Miranda, Prysock, Duckworth, and Powell, all of which again state that the individual has a right to consult with counsel prior to and during questioning. Well, it's also clear they haven't had those facts, right? Those facts weren't in all those cases because in those cases, the police happened to have the critical language that was missing here. That's true, but nevertheless, I would argue, again, that these warnings in the Appellate Court decision contradicts those cases. Would you like to save the remaining time for rebuttal? That's fine, Your Honor. Thank you. Okay, Mr. Malamuth. Good morning. May it please the courts. I am Assistant Attorney General Eldad Malamuth on behalf of the appellee. This court should affirm the denial of habeas relief because the state court was reasonable in determining that petitioner's custodial statements were properly admitted at trial. And in this analysis, the starting point for the analysis, because it is governed by Section 2254D, is the clearly established federal law as determined by the holdings of the United States Supreme Court. And in defining those holdings, perhaps sometimes in certain cases that might be difficult and might present a problem about where to look, but in Miranda, in this case, it's actually quite easy because the court is very specific. It says, we hold, and then it goes on to describe the warning that must be given. Now, in that warning that— So, are we to ignore that the Supreme Court very clearly in setting up the holding and establishing the need for the holding talks about the importance of speaking with a lawyer, knowing that you can speak with a lawyer before questioning begins? Because they take the time to say that. I mean, it's not superfluous. Your Honor, Miranda goes through a discussion regarding the necessary—the essential right to speak to an attorney before answering questions. There's no doubt. It goes into a whole discussion about the right to answer questions. The question in this case, though, is what is required in order to reasonably convey? That's the question that the court—that we're faced with. And in doing that, the court gives a very specific holding about what that is. And as Your Honor mentioned, it's not just at that point. When it's previewing these prophylactic safeguards in Miranda, the court says that the suspect must be told that he or she has the right to the presence of an attorney. Again, there's no specific language saying—requiring the words before or prior to. And in summarizing those—the rights at the end, the procedural safeguards, the court again just uses the presence—the right to the presence of an attorney. There's no specific mention of the words before or prior to. Would you agree that the Supreme Court hasn't had this particular fact pattern before? From what we can tell. It's true that there's been no case that has had this particular fact pattern. At that point, don't we defer to the Illinois Supreme Court's interpretation? Yes. If there is no clearly established Supreme Court case under this fact pattern, don't we defer? That's exactly right, Your Honor. There's been no clearly established case. There's no clearly established rule promulgated by the Supreme Court. There's no holding that says these—the wording that the petitioner suggests is required. And that's really the end of the analysis. And we really don't need to go further. But to the extent we need to go further, we can see that the state court—a state appellate court reasonably applied the rule in Miranda. And again, Miranda over and over again discusses the right to the presence of an attorney as being sufficient. And this also makes sense, of course, because it's at the outset of the interview. So if the suspect has the right to—if the suspect is told at the outset of the interview that he or she has the right to an attorney, well, that's before any questions have been posed and before the suspect has provided any answers. And so that makes sense. The court also approved of the FBI warnings, which at the time, which didn't include— the right to counsel. Mr. Malamuth, a couple of quick questions. Petitioner argues in his reply brief you're not disputing prejudice. Do you agree? That's correct, Your Honor.  If we were dealing only with Detective Foligno's warnings, if we were taking those by themselves, they seem a little thin here. Well, Your Honor, the language of Detective Foligno's warnings, do you have the right to—you have the right to an attorney, you have the right to a lawyer. Now, that language, it's certainly true it's not the most comprehensive statements that can be given. Notably, however, that language has been— by the Eighth Circuit in Caldwell, by the Third Circuit in Warren. So even if it's not the most comprehensive statement, that specific language has been found to be sufficient. But as Your Honor also suggested, that's not the only interview. In fact, it was Detective Green who conducted the first interview, and that has a question, do you have the right—the admonition, do you understand that you have the right to an attorney? Yes. And then, a further follow-up, do you understand that you have the right to an attorney and have an attorney present during questioning? Which essentially mirrors, in all material respects, the holding of the Miranda Court itself. Can I ask you a question? I got the impression—you all know the record much better than I do— but it looks like in the jury trial for Mr. Ruiz, the adequacy of these warnings was being debated in the questioning of the detectives. Is that right? Was there—I mean, I don't believe— there was a motion to suppress that was ruled on before the trial. Are you asking whether— Maybe I misunderstood, but I just had gotten the impression— That the detectives were asked about whether they had issued those warnings? When they were testifying about his confession, yeah. Wait, I'm sorry. It's a tangential point, never mind. Okay, I'm sorry, Your Honor. I apologize for not grasping the question there. Oh. So, and again, as we point out, numerous state courts and federal courts have approved the exact language used here. It's the exact language that's been used, or materially identical language that's been used by the United States Supreme Court. The Supreme Court continues to use such language when summarizing the now-familiar warnings that must be given. And so the state appellate court was reasonable here in determining that the officer's warnings were sufficient under Miranda. So unless the court has any further questions, we would ask this court to affirm the denial of papers ruling. Okay, thank you. Mr. Collins-Davidson? Judge Hamilton, defense counsel did contest the warnings at trial. I think the strategy was to undermine the statements. Okay, I didn't hallucinate when I was reading the briefs? No, no, you were just trying to show the jury that the statements might not be true. And as far as Miranda's central holding is, he has a right to consult with a lawyer and to have the lawyer with him during interrogation. And I submit that Miranda, again, Prysock, Duckworth, Powell, when they say consult with a lawyer, that means you have a right to speak to a lawyer prior to the questioning. Isn't that exactly what Detective Green said? No, he said you have a right to an attorney and have an attorney present during questioning.  Okay, I thought you just said that's exactly what Miranda said, was that you have a right to an attorney. You have a right to consult with an attorney and have an attorney present. And Miranda contemplates, and his progeny contemplates, the right to consult with an attorney means the right to speak to an attorney prior to questioning. It would be weird here, I made just an observation in the context of a detective advising someone who's under arrest that they have a right to an attorney prior to the questioning beginning that the right would take place at some point in the future, at court, during trial, at sentencing. If someone's put under arrest, you have a right to attorney. I think a lot of courts have said that means right now. I mean, the implication that you have a right to an attorney before questioning begins is implicit in the you have a right to an attorney because they don't say if we decide to ask you questions, you have a right to an attorney to be present during the questioning and only then, which would be totally different. Which is what I think this warning that Greene gave to re-suggest. And again, Miranda's progeny say again and again, a right to speak to an attorney prior to questioning to make it absolutely clear. Yeah, I wonder if even in the short holdings of Miranda, if even the Supreme Court viewed that as obvious, where they sort of say here's our holding, you have the right to an attorney. It's obvious that you have a right to an attorney before questioning. We don't need to repeat that. Miranda recites, it's a summary, as I say in my briefs. And also, counsel mentioned the FBI warnings during Miranda. Well, after Miranda, the FBI, of course, amended those warnings to state that you have a right to speak to an attorney before we question you. So the FBI warnings support my position. The FOP book, the Fraternal Court of Police book, states that you have a right to talk to a lawyer before questioning. If the detectives in this case had used that book, we would not be here. Are there no other questions? Well, thank you, Mr. Constable. Thank you. Thank you, counsel. We'll take the case to under advisement.